Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| REBECCA RIVERA SERBIA<br><br>Recurrida<br><br>V.<br><br>MAPFRE PRAICO INSURANCE COMPANY Y OTROS<br><br>Peticionaria | KLCE202500105 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10041 (0808)<br><br>Sobre: CAÍDA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de marzo de 2025.

El peticionario, Autoridad de Energía Eléctrica (en adelante, AEE), solicita que revoquemos la *Resolución* emitida el 31 de diciembre de 2024, en la que el Tribunal de Primera Instancia, Sala de San Juan (TPI), declaró *No Ha Lugar* la moción de desestimación por prescripción bajo el Artículo 1204 del Código Civil de 2020.[2]

La recurrida, Rebecca Rivera Serbia (en adelante, Rivera Serbia), presentó su oposición al recurso.

**I.**

Los hechos esenciales para comprender nuestra determinación son los siguientes. El 25 de octubre de 2023, la señora Rivera Serbia, presentó *Demanda* en contra del Municipio de San Juan, Autoridad de Acueductos y Alcantarillados (AAA), Mapfre Insurance Company, Corporaciones X, Y, Z, y Aseguradoras X, Y, Z, por daños y perjuicios.[3] Surge de su escrito que el 24 de abril de 2023 la recurrida tropezó con una superficie de concreto levantada

---

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-016 efectivo el 6 de febrero de 2025.
[2] 31 LPRA sec. 9496.
[3] Apéndice 1 del *Recurso de Certiorari*, págs. 1-4.

Número Identificador

RES2025 _____

más de una (1) pulgada sobre el nivel de la acera que le causó un impacto sobre su frente, laceración profunda y contusiones en el cuerpo.

El 1 de febrero de 2024, el Municipio de San Juan presentó *Moción de Sentencia Sumaria* en que sostuvo que las aceras que se encuentran paralelas a una vía estatal no son responsabilidad del Municipio, sino del Gobierno de Puerto Rico, Departamento de Transportación y Obras Públicas (DTOP) y/o Autoridad de Carreteras.[4] Conforme a ello, el 26 de febrero de 2024, el TPI dictó *Sentencia Sumaria Parcial* archivando la causa de acción en contra del Municipio de San Juan y su aseguradora Mapfre Praico Insurance Company.[5]

Luego, el 12 de febrero de 2024, la señora Rivera Serbia solicitó enmendar la demanda para incluir nuevamente al Gobierno de Puerto Rico, DTOP, AAA y la Autoridad de Carreteras como parte del pleito.[6] El próximo día presentó la *Demanda Enmendada* en la que incluyó dichos demandados y la Corporación X, Y, y Z por desconocerse si había otro responsable.[7] Ante ello, el TPI autorizó la *Demanda Enmendada.*[8]

Por su parte, el 16 de septiembre de 2024, la AAA presentó *Solicitud de Sentencia Sumaria* que incluyó un informe de inspección donde certificó que luego de abrir las tapas se encontraron cables.[9] A esos efectos, se demostró que los cables eléctricos no le pertenecían a la AAA, DTOP y Autoridad de Carreteras. Así pues, el 7 de octubre de 2024 la recurrida presentó una *Moción de Desistimiento Voluntario y Solicitando Autorización para Enmendar*

---

[4] Entrada Núm. 14 de Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada Núm. 27 de SUMAC.
[6] Apéndice 1 del *Recurso de Oposición de Certiorari,* págs. 1-2.
[7] Apéndice 2 del *Recurso de Oposición de Certiorari,* págs. 3-7.
[8] Apéndice 3 del *Recurso de Oposición de Certiorari,* pág. 8.
[9] Apéndice 4 del *Recurso de Certiorari,* págs. 15-22.

*Demanda* para incluir a AEE y LUMA.[10] El TPI emitió *Sentencia Parcial* en la que autorizó la demanda enmendada y el desistimiento de la acción en contra de la Autoridad de Carreteras y Transportación, DTOP y AAA.[11] El 9 de diciembre de 2024, LUMA presentó *Moción de Desestimación* en la que alegó que la acción estaba prescrita bajo el Artículo 1204 del Código Civil de 2020.[12] De igual forma, la AEE presentó *Moción de Desestimación* bajo el mismo argumento.

El 31 de diciembre de 2024 el TPI emitió una *Resolución* en la que declaró *No Ha Lugar* las mociones de desestimación.[13]

Inconforme, el peticionario acudió ante este Tribunal mediante recurso de *certiorari*, en el que alega que:

> ERRÓ EL TPI AL NO ORDENAR LA RENOTIFICACION DE SU RESOLUCIÓN DE 31 DE DICIEMBRE DE 2024, NOTIFICADA EL 2 DE ENERO DE 2025.
>
> ERRÓ EL TPI AL NO CONCLUIR QUE LA CAUSA DE ACCIÓN EN CONTRA DE LA AEE NO ESTÁ PRESCRITA.

La recurrida compareció ante nos el 18 de febrero de 2025. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *800 Ponce de León Corp. v. AIG*, 205 D.P.R. 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el certiorari se reconoce como un recurso discrecional, la sensatez del

---

[10] Apéndice 6 del *Recurso de Certiorari*, págs. 30-31.
[11] Apéndice 4 del *Recurso de Oposición de Certiorari*, págs. 9-10.
[12] Apéndice 8 del *Recurso de Certiorari*, págs. 36-45.
[13] Apéndice 10 del *Recurso de Certiorari*, pág. 55.

juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

La Regla 52.1, *supra,* autoriza nuestra intervención debido a que el peticionario solicita que revisemos la denegatoria a una moción de carácter dispositivo. Sin embargo, luego de examinar detenidamente el expediente del presente caso, declinamos ejercer la misma. Las circunstancias particulares de este caso no ameritan nuestra intervención en este momento. Por esa razón, lo correcto es denegar el recurso.

### IV.

Por lo antes expuesto se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Candelaria Rosa concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones